UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAMIKA BENSON MARSHALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 24-2371 (UNA) |
| ) | |
| CHRIS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### **MEMORANDUM OPINION**

This matter is before the Court on review of plaintiff's application to proceed *in forma pauperis* (ECF No. 2) and *pro se* complaint (ECF No. 1). The Court GRANTS the application, and for the reasons discussed below, DISMISSES the complaint and this civil action without prejudice.

Plaintiff accuses several individuals, including the Governor of Alabama, of using her personal cellphone, *see* Compl. at 7 (page numbers designated by CM/ECF), harassing and bullying her, *see id*. at 9, directing abusive remarks at her, *see id*., and sending her death threats, *see id*. She attributes abuse she allegedly has experienced "to a store with humans trying to force other individuals into prostitution." *Id*. Plaintiff also mentions an apparent dispute over child support, *see id*. at 11, prior lawsuits and claims for unemployment benefits, *see id*. at 11-12, misdiagnoses by doctors "trying to kill" her, *id*. at 14, and unidentified individuals who pretend to be plaintiff's husband "to steal [her] money and to try to take over [her] life," *id*. at 13. Plaintiff demands an award of "more than $75,000 in punitive damages" for "malpractice suits, home vandalize [sic], insurance and mortgage fraud." *Id*. at 4.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the Court cannot exercise subject matter jurisdiction over a frivolous complaint, *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). Consequently, a Court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981). The instant complaint satisfies this standard and, therefore, it will be dismissed without prejudice.

A separate order will issue.

DATE: November 7, 2024                                         CARL J. NICHOLS
                                                               United States District Judge